UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 04 B 24556 |
| | ) | Chapter 7 |
| ALBERTO MAGALLANEZ and | ) | Judge John H. Squires |
| CHRISTINE MAGALLANEZ, | ) | |
| | ) | |
| Debtors. | | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion of U.S. Bank National Association, as Trustee ("U.S. Bank") against L.D.S., L.L.C. ("LDS") for violation of the automatic stay under 11 U.S.C. § 362(a)(4). For the reasons set forth herein, the Court grants U.S. Bank's motion. The Court finds that LDS violated the automatic stay when it obtained and recorded its memorandum of judgment. The Court denies LDS's request to annul the stay retroactively pursuant to 11 U.S.C. § 362(d). As a result of its violation of the automatic stay, the Court voids LDS's memorandum of judgment ab initio. The Court will not grant U.S. Bank any relief under 11 U.S.C. § 362(h)[1] because the stay violation was not willful, and U.S. Bank is not an individual. Thus, U.S. Bank is not able to recover any damages, fees, or costs.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

---

[1] Amendments were made to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Those amendments modified and re-labeled this section as § 362(k)(1). Because this case was filed before those 2005 amendments, the former version of the statute applies in this matter.

-2-

It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Through stipulation of counsel, the parties consented to waive their rights to this contested matter being adjudicated as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2), (7), and (9), and agreed to proceed on U.S. Bank's motion under Federal Rule of Bankruptcy Procedure 9014. U.S. Bank seeks, in part, a declaratory judgment that LDS violated the automatic stay.

## II. FACTS AND BACKGROUND

Most of the facts are undisputed. Alberto and Christine Magallanez (the "Debtors") filed a Chapter 7 bankruptcy petition on June 30, 2004. Prior to that date, LDS obtained a $30,000 judgment against Alberto on April 29, 2004 in a case pending in the Circuit Court of Cook County, Illinois. On July 1, 2004, one day after the Debtors filed their bankruptcy petition, a memorandum of judgment was entered in favor of LDS in that state court action. On July 2, 2004, LDS recorded the memorandum of judgment with the Cook County Recorder of Deeds thereby imposing a judgment lien against the Debtors' residence located at 3646 South Home Avenue, Berwyn, Illinois (the "Berwyn Property"). (Ex. A to U.S. Bank's Mot. for Ruling Regarding LDS's Violation of the Automatic Stay.) LDS admittedly never sought or received relief from the automatic stay in order to obtain and record its memorandum of judgment against the Berwyn Property.

The case trustee filed a no-asset report on August 16, 2004. On April 26, 2005, Homecomings Financial, the first mortgage holder on the Berwyn Property, filed a motion to modify the stay as to the Berwyn Property. On May 9, 2005, the Court granted the motion. The Debtors received their discharge on June 9, 2005, and the case was closed on June 14, 2005.

-3-

On June 23, 2006, a new lender received a note from the Debtors. (Ex. No. 1 to U.S. Bank's Reply in Supp. of Mot.) The note was secured by a mortgage on the Berwyn Property. *Id.* The note evidenced a new loan from South Star Funding that paid off the Debtors' prior mortgage to Homecomings Financial. *Id.* U.S. Bank apparently acquired that new loan.

On September 21, 2007, U.S. Bank filed an action in the state court to foreclose the new mortgage secured by the Berwyn Property, and joined LDS as a judgment lien creditor. LDS filed an answer and counterclaim in that action alleging priority of its judgment lien by virtue of the July 2, 2004 recorded memorandum of judgment. U.S. Bank filed a motion to dismiss LDS's counterclaim and alleged that LDS violated the automatic stay of 11 U.S.C. § 362(a)(4) when it obtained and recorded the memorandum of judgment. According to U.S. Bank, as a result of the stay violation, LDS's judgment lien is void ab initio. LDS contested U.S. Bank's motion and argued that the state court did not have the jurisdiction to determine whether LDS violated the automatic stay. The state court deferred ruling on the motion and instructed the parties to bring the issue before the bankruptcy court.

On December 19, 2008, U.S. Bank filed the instant motion which asks the Court to find that LDS violated the stay when it obtained and recorded the memorandum of judgment, and declare LDS's memorandum of judgment void ab initio. U.S. Bank also filed a motion on January 29, 2009, to reopen the Debtors' Chapter 7 case in order to adjudicate its stay violation motion against LDS. The Court reopened the case on February 3, 2009. On February 17, 2009, LDS filed a response in opposition to U.S. Bank's motion. LDS notes that the Court has the authority to annul the automatic stay to validate its actions of obtaining and recording the memorandum of judgment. LDS asks the Court to annul the stay because the case trustee found

-4-

no equity in the Berwyn Property and filed a no-asset report, and Homecomings Financial received relief from the stay when the bankruptcy case was open. U.S. Bank filed a reply on March 3, 2009, and contends that it is inequitable to annul the stay in favor of LDS.

The Court afforded the parties an opportunity for an evidentiary hearing, but they waived that right. The parties were given the opportunity to file additional papers in support of their respective positions, but they failed to do so. The Court then took the matter under advisement.

### III. DISCUSSION

Section 362 of the Bankruptcy Code governs the automatic stay. Section 362(a) states that "a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities...." 11 U.S.C. § 362(a). The automatic stay was enacted "'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" *In re Pleasant*, 320 B.R. 889, 893 (Bankr. N.D. Ill. 2004) (*quoting In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)). U.S. Bank claims that LDS violated the automatic stay when it obtained and recorded its memorandum of judgment on July 1 and 2, 2004, respectively. Under § 362(a)(4), a creditor is prohibited from taking "any act to create, perfect, or enforce any lien against property of the estate[.]" 11 U.S.C. § 362(a)(4). LDS does not dispute that its actions were in technical violation of § 362(a)(4). The general rule is that acts taken in violation of the automatic stay are deemed void ab initio. *In re Enyedi*, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007) (collecting cases).

-5-

The Bankruptcy Code provides a specific remedy for stay violations. Former § 362(h), which was effective at the time this case was filed, stated:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h) (2004). This Court has held that only individuals injured by stay violations can recover damages, fees, and costs. *In re Prairie Trunk Ry*, 125 B.R. 217, 220-22 (Bankr. N.D. Ill. 1991), *aff'd Consolidated Rail Corp. v. Gallatin State Bank*, 173 B.R. 146 (N.D. Ill. 1992). *See also United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756, 766 (9th Cir. 1994). It is undisputed that U.S. Bank is not an individual, and thus, is unable to recover any damages under § 362(h).

LDS contends that because it was unaware on July 1 and 2, 2004 of the Debtors' bankruptcy filing and it will suffer prejudice, the Court should retroactively annul the automatic stay pursuant to 11 U.S.C. § 362(d). LDS requests an annulment of the automatic stay so that its lien on the Berwyn Property by virtue of its recorded memorandum of judgment might be retroactively validated. Section 362(d) provides for relief from the automatic stay and states in pertinent part that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay[.]" 11 U.S.C. § 362(d). Annulment of the automatic stay differs from a modification or termination of the stay because it requires the court to retroactively declare that the stay never existed from the inception of the bankruptcy case with respect to a particular entity. *In re Giddens*, 298 B.R. 329, 336 (Bankr. N.D. Ill. 2003). In other

-6-

words, "an order annulling the stay . . . operate[s] retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate[s] actions taken by the party at a time when [it] may have been unaware of the existence of the stay." *In re Behr*, 78 B.R. 447, 449 (Bankr. D.S.C. 1987).

"'Courts are in agreement that allowing retroactive relief from the stay is the exception rather than the rule.'" *Will v. Ford Motor Credit Co. (In re Will)*, 303 B.R. 357, 368 (Bankr. N.D. Ill. 2003) (*quoting In re Scott*, 260 B.R. 375, 381 (Bankr. D.S.C. 2001)). Courts are also in agreement that the determination of whether relief from the stay should be granted retroactively is within the "wide latitude" of the court in that such decision should be made on a case-by-case basis. *In re Syed*, 238 B.R. 133, 144 (Bankr. N.D. Ill. 1999). Although courts acknowledge that annulment of the stay is an exceptional form of relief to be granted, where the requisite circumstances are present, annulment is routinely granted. *See, e.g., Christian v. Citibank, F.S.B.*, 231 B.R. 288 (N.D. Ill. 1999) (annulling the stay to validate state court's confirmation of foreclosure sale); *In re Bates*, 270 B.R. 455 (Bankr. N.D. Ill. 2001) (annulling stay to validate post-petition application for issuance of tax deed); *In re Syed*, 238 B.R. 126 (Bankr. N.D. Ill.), *mot. to amend denied*, 238 B.R. 133 (Bankr. N.D. Ill. 1999) (annulling stay to validate post-petition foreclosure sale); *In re Lipuma*, 167 B.R. 522 (Bankr. N.D. Ill. 1994) (annulling stay to validate post–petition sale of delinquent real estate taxes). Thus, there is ample precedent to support the relief requested by LDS.

The Court may weigh equitable considerations in deciding whether annulment is appropriate, including whether the creditor (in this case, LDS) who violated the stay did so willfully, and whether the movant would be unfairly prejudiced by the enforcement of the stay.

*Will*, 303 B.R. at 368; *Giddens*, 298 B.R. at 336; *In re Szyszko*, 234 B.R. 408, 412 (Bankr. N.D. Ill. 1999). Unfair prejudice to a creditor arises from the debtor's ability to raise the automatic stay as a defense where the creditor had a valid legal basis for lifting the stay at the time the action sought to be stayed occurred. *Lipuma*, 167 B.R. at 526. As the Seventh Circuit has aptly noted, "[s]uspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems." *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984). These cases are not factually on point with the matter at bar. The Debtors' interests are not implicated in this dispute between a judgment lien creditor and the assignee of a new mortgage lender, both of whose interests in the Berwyn Property arose post-petition.

The Court finds that annulment of the stay is not appropriate in this matter. LDS contends that it was not aware that the Debtors had filed a bankruptcy petition when it obtained and recorded its memorandum of judgment on July 1 and 2, 2004. Indeed, the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" generated by the Clerk of the Bankruptcy Court on July 1, 2004 shows that on July 3, 2004, LDS was sent notice of the bankruptcy filing via first class mail in care of its attorney, Sanford Kahn. Sanford Kahn represented LDS in the state court action, and is an experienced, longtime practitioner before this Court. This notice to Sanford Kahn, an agent of LDS, was sent and received after LDS obtained and recorded its memorandum of judgment. The Court can take judicial notice of the case docket and the pleadings and papers filed in this case, including the notice sent to LDS by the Clerk of the Court. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (stating that in resolving a motion to dismiss, a court can take judicial notice of matters of public record); *Frierdich v.*

*Mottaz*, 294 F.3d 864, 870 (7th Cir. 2002) (noting that bankruptcy judge did not err by taking judicial notice of the schedules filed in the bankruptcy case); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (stating that the court can take judicial notice of the contents of court records).

Because LDS, through its attorney, did not receive notice until after it obtained and recorded its memorandum of judgment, the Court finds that LDS did not have actual notice of the Debtors' bankruptcy filing when it took such actions. Accordingly, LDS did not willfully violate the stay. Rather, its violation was merely technical. Why LDS failed to take any action to annul the stay after Sanford Kahn received the notice of the filing of this case remains unexplained.

Moreover, U.S. Bank failed to offer any explanation why LDS's recorded judgment lien on the Berwyn Property apparently was undiscovered until some years later. According to U.S. Bank, the lien did not appear on the title commitment or policy issued in connection with the refinancing. Thus, U.S. Bank contends it lacked actual knowledge of the judgment lien until some time during the pendency of its foreclosure action when it amended its complaint to include LDS as a necessary party defendant. That undisputed allegation explains why no action was taken to challenge LDS's judgment lien until U.S. Bank brought the state court foreclosure action. In the absence of any evidence showing prior actual knowledge of the LDS judgment lien, U.S. Bank's delay in raising the stay violation issue does not rise to the level of a laches bar. Although it is undisputed that the recorded LDS memorandum of judgment was constructive notice to the world, there is no evidence in this record to show precisely when U.S. Bank actually learned of the LDS judgment lien. U.S. Bank's claim against the issuer of its title commitment and policy for failing to list the LDS lien is a matter reserved for another court and another day.

-9-

Further, the Court finds that LDS would not be unfairly prejudiced by the enforcement of the stay. The case trustee filed a no-asset report in the Debtors' case on August 16, 2004. Homecomings Financial filed a motion to modify the stay with respect to the Berwyn Property, and the Court granted that motion on May 9, 2005. The no-asset report combined with the Court's approval of the motion to modify the stay demonstrates that the Debtors' bankruptcy estate did not have any equity in the Berwyn Property. If LDS had moved for relief from the stay once it had learned in July of 2004 of the Debtors' bankruptcy filing, the Court likely would have granted that relief. Instead, LDS took no action in this case when it was open. The Court concludes that the equitable considerations do not weigh heavily in favor of LDS.

The Court finds that the doctrine of laches bars LDS's request to annul the stay. In order for laches to apply in a case, the party asserting the defense must establish two elements: (1) an unreasonable lack of diligence by the party against whom the defense is asserted; and (2) prejudice arising from the delay. *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 620 (7th Cir. 2002); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 820 (7th Cir. 1999). A defendant is prejudiced from delay in asserting a claim where the defendant has changed its position in a way that would not have occurred if the plaintiff had not delayed. *Hot Wax*, 191 F.3d at 824.

U.S. Bank first raised the stay violation by LDS in 2007, over three years after LDS took its actions to obtain and record the memorandum of judgment and over two years after the refinancing and new mortgage on the Berwyn Property in June of 2006. LDS waited until 2007 to defend its violation of the automatic stay in the state court foreclosure proceeding, and only recently in 2009 sought the annulment relief in this Court nearly five years after its acts giving rise

-10-

to the stay violation. The Court finds that LDS's delay in acknowledging its stay violation and its belated request for annulment constitutes an unreasonable lack of diligence on its part. Moreover, U.S. Bank has been compelled to expend fees and costs litigating this issue, both in the state foreclosure proceedings and in this Court. Hence, there is some prejudice to U.S. Bank. Accordingly, both elements of laches are present. Consequently, the Court finds that annulment of the stay is inappropriate in these circumstances.

## IV. CONCLUSION

For the foregoing reasons, the Court grants U.S. Bank's motion and finds that LDS violated the automatic stay when it obtained and recorded its memorandum of judgment. The violation, however, was not willful. U.S. Bank cannot properly recover any damages, fees, or costs from LDS under § 362(h) because U.S. Bank is not an individual. The Court denies LDS's request to annul the stay retroactively. As a result of its violation of the automatic stay, LDS's memorandum of judgment is void ab initio.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: 3/31/9

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### In re: Alberto Magallanez and Christine Magallanez
### Bankruptcy No. 04 B 24556

Ann Addis Pantoga, Esq.
Fidelity National Financial
171 N. Clark Street
8th Floor
Chicago, IL 60601

William S. Hackney
Bruce E. de'Medici, Esq.
SmithAmundsen, LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601

Alberto & Christine Magallanez
3436 S. Home Avenue
Berwyn, IL 60402

Sherwin A. Gerstein, Esq.
77 W. Washington Street
Suite 712
Chicago, IL 60602-2803

Eugene Crane, Esq.
Crane Heyman Simon Welch & Clar
135 S. LaSalle Street, Suite 3705
Chicago, IL 60603

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

Kevin M. Gross, Esq.
Law Office of Kevin J. Kawa
200 W. Adams St., Suite 204
Chicago, IL 60606

Barbara Dutton, Esq.
Dutton & Dutton PC
10325 W. Lincoln Hwy.
Frankfort, IL 60423